UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN TODD WILLIAMS,

                      Movant,

    -v-                                        No. 20-cv-1554 (RJS)
                                                        ORDER

UNITED STATES OF AMERICA,

                      Respondent.

RICHARD J. SULLIVAN, District Judge:

       The Court is in receipt of Movant's Application for the Court to Request *Pro Bono* Counsel in connection with his pending habeas petition (the "Application"). (Doc. No. 6.) For the reasons set forth below, the Application is denied without prejudice to renewal.

       As an initial matter, there is no constitutional right to representation by counsel in civil or *habeas corpus* proceedings. *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993); *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). In its discretion, however, the Court may request counsel to represent a petitioner seeking relief under § 2255 when that person is "financially unable to obtain adequate representation" and "the interests of justice so require." 18 U.S.C. §§ 3006A(a) and (a)(2)(B). In determining whether to appoint counsel for *habeas* petitioners, courts consider the standards set forth by the Second Circuit for appointment of counsel to indigent civil litigants pursuant to 28 U.S.C. § 1915.

       The Court's first inquiry is whether a party can afford to obtain counsel. *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). If the Court finds that a party

cannot afford counsel, it must then examine the merits of the case and "determine whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986); *see Cary v. Ricks*, No. 00 Civ. 8926 (RWS), 2001 WL 314654, at *4 (S.D.N.Y. Mar. 30, 2001) (applying *Hodge* factors to *habeas* petitioner's request for counsel). "In order to make such a determination, the Court must decide whether, from the face of the pleadings, the claims asserted by the plaintiff may have merit, or the plaintiff appears to have some chance of success." *West v. Brickman*, No. 07 Civ. 7260 (PKC) (DF), 2008 WL 3303773, at *1 (S.D.N.Y. Aug. 6, 2008) (citations and internal quotation marks omitted). Although trial courts are to undertake "the preliminary assessment of likely merit . . . somewhat more generously since the unrepresented litigant might have difficulty articulating the circumstances that will indicate the merit that might be developed by competent counsel," the Second Circuit has nevertheless "cautioned that this requirement 'must be taken seriously.'" *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). When assessing the merits, we must be mindful that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." *Id.*

Following the threshold merits inquiry, the Court should consider several additional factors set forth by the Second Circuit in *Hodge*, including:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d at 61–62; *see Cooper*, 877 F.2d at 172. The Court should also be mindful of the Second Circuit's instruction that "[v]olunteer lawyer time is a precious commodity" and that

"every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper*, 877 F.2d at 172.

Based upon Movant's application to proceed *in forma pauperis* (Doc. No. 1), which was signed in 2014, as well as additional information the Court has received regarding Movant's modest income (*see United States v. John Todd Williams*, 14 Cr. 784 (S.D.N.Y. July 30, 2019), ECF No. 273) he has made some showing of financial hardship.  However, Movant has failed to explain why his petition, or any of the numerous grounds raised therein, has sufficient merit to warrant the appointment of counsel.  Although the ultimate merit of his claims is not at issue in the present motion, having reviewed his arguments and noting the history of proceedings in this case, the Court finds Movant's likelihood of success to be slim.  For one, it is worth noting that in 2018, after careful review, a panel of the Second Circuit deemed meritless many of the same arguments Movant advances here, such as that: because the Fair Debt Collection Practices Act governed Movant's acts, he could only be civilly, not criminally, liable for those acts; venue was improper; his arrest was not supported by probable cause or a valid warrant; and the sentencing disparities between his sentence and that of his co-defendant was unlawful, among others.  *See United States v. Williams*, 736 F. App'x 267, 270-74 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 1283 (2019).  In addition to repeating those arguments here, Movant reiterates that he received ineffective assistance of counsel because his various lawyers failed to advise him of those same unmeritorious claims and in the way they presented their arguments. Given the "heavy burden" Movant bears "to overturn a conviction on the ground of ineffective assistance of counsel," *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004), the Court finds unlikely, at this stage, that Movant will prevail either on his arguments that have been previously rejected by the

Second Circuit or on an ineffective assistance claim predicated on counsels' failure to raise those rejected arguments. In any event, at least preliminarily, Movant has not met his threshold burden of showing a sufficient likelihood of merit as to any of these or any other arguments he has raised to justify the appointment of counsel at this stage, particularly when his claim is compared with myriad other civil cases in which parties cannot afford counsel.

Accordingly, Movant's Application is HEREBY DENIED without prejudice to renewal at a later point if additional grounds for an application are presented to the Court. Any renewed application should utilize the same standard-form application used here, to which Movant should append an affidavit establishing facts supporting the *Hodge* factors set forth above. The Clerk of Court is respectfully directed to terminate the motion pending at document number 6.

SO ORDERED.

Dated:      April 6, 2020
              New York, New York

                                            RICHARD J. SULLIVAN
                                            UNITED STATES DISTRICT JUDGE