UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN TODD WILLIAMS,

                      Movant,

    -v-                                                  No. 20-cv-1554 (RJS)
                                                          No. 14-cr-784 (RJS)

UNITED STATES OF AMERICA,
                                                           ORDER

                      Respondent.

RICHARD J. SULLIVAN, Circuit Judge:

       Now before the Court is the application of John Todd Williams ("Movant") to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 in connection with his pending motion vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. (*See* No. 20-cv-1554, Doc. No. 14; *see also* No. 20-cv-1554, Doc. No. 1.)[1]  As an initial matter, § 2255 motions and their corresponding petitions do not require filing fees. *See* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 3, Advisory Committee Notes ("There is no filing fee required of a movant under these rules.  This . . . is done to recognize specifically the nature of a § 2255 motion as being a continuation of the criminal case whose judgment is under attack."). Accordingly, the Court denies as moot Movant's request to proceed in forma pauperis insofar as it relates to his § 2255 motion in the district court.  To the extent that Movant seeks in forma pauperis status in connection with his recently filed notice of appeal (No. 20-cv-1554, Doc. No. 17), the motion is also denied for the reasons set forth below.

---

[1] Although Movant filed the application only in his civil case (No. 20-cv-1554), and not the underlying criminal case (No. 14-cr-784), the Court will file the present order on both dockets.  The parties are again reminded that all filings should include the criminal docket number and be docketed only in the criminal case.  (*See* No. 14-cr-784, Doc. No. 279; No. 20-cv-1554, Doc. No. 4.)

As a general rule, "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "The divestiture of jurisdiction rule is, however, not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy . . . ." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996). For example, the rule "does not apply where an appeal is frivolous, nor does it apply to untimely or otherwise defective appeals." *China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F.Supp.2d 579, 595 (S.D.N.Y. 2012) (brackets and internal quotation marks omitted).

Movant filed a notice of appeal in response to an order declining to grant his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in light of the government's alleged failure to respond. (*See* No. 20-cv-1554, No. 17.) Because Movant is attempting to appeal from a nonfinal order that has not been certified for interlocutory appeal, the notice of appeal is defective, and this Court retains jurisdiction over this action. *See, e.g., Rodgers*, 101 F.3d at 252 (deeming a notice of appeal from a nonfinal order to be "premature" and a "nullity," and holding that the notice of appeal did not divest the district court of jurisdiction); *Gortat v. Capala Bros., Inc.*, 07-CV-3629 (ILG), 2008 WL 5273960, at *1 (E.D.N.Y. Dec. 18, 2008) ("An exception . . . [to the general rule that an appeal deprives a district court of jurisdiction] applies where it is clear that the appeal is defective, for example, because the order appealed from is not final and has not been certified for an interlocutory appeal."). Consequently, the request for in forma pauperis status in connection with Movant's pending notice of appeal is denied as moot.

The Clerk of Court is directed to mail a copy of this order to Movant and note service on the docket. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order

would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal of this order. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:     August 5, 2020
             New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation