UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN TODD WILLIAMS,

          Petitioner,

-v-

UNITED STATES OF AMERICA,

          Respondent.

No. 20-cv-1554 (RJS)

---

UNITED STATES OF AMERICA

-v-

JOHN TODD WILLIAMS,

          Defendant.

No. 14-cr-784 (RJS)

ORDER

---

RICHARD J. SULLIVAN, Circuit Judge:

As the latest installment in a years-long saga of challenges to the criminal and civil enforcement actions arising out of his unlawful debt-collection scheme, defendant John Todd Williams has now filed the following two motions, both dated September 17, 2024: (1) a "Motion to Clarify and Correct" the Court's August 8, 2024 order denying his Rule 60(b) motions (Doc. No. 304 ("Motion to Correct")), and (2) a motion for my recusal pursuant to 28 U.S.C. § 455 (Doc. No. 303 ("Recusal Motion")) – Williams's fourth such request since July 2020 – which primarily repeats as grounds for recusal the same purported errors identified in his concurrently filed Motion to Correct.[1]  One week after filing these motions, Williams timely filed a notice of appeal with the United States Court of Appeals for the Second Circuit challenging the August 8, 2024 denial order.

---

[1] Unless otherwise specified, all citations to ECF documents refer to the docket in Williams's criminal case, Dkt. No. 14-cr-784.  The Recusal Motion and Motion to Correct were concurrently filed as Doc. Nos. 43 and 44, respectively, on the civil docket associated with Williams's post-conviction proceedings, Dkt. No. 20-cv-1554.

(*See* Doc. No. 305; Dkt. No. 20-cv-1554, Doc. No. 45.)  In the time since, Williams has filed, among other things, three additional motions challenging the legality of his arrest, detention, and conviction in his underlying criminal case (*see* Doc. Nos. 306, 307, and 308), and various motions to expedite the Court's ruling on his Motion to Correct and Recusal Motion (*see* Doc. Nos. 310, 312, 313, 314; *see also* Doc. No. 315 (requesting that the Court take judicial notice of certain exhibits in connection with his Recusal Motion); Dkt. No. 20-cv-1554, Doc. No. 46) (same)).[2]

Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  However, if a party files a timely motion to alter or amend an appealable order, and then files a notice of appeal before the district court disposes of that motion, the notice of appeal does not become effective until the order disposing of that motion is entered.  *See, e.g.*, *Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155, 157 n.4 (2d Cir. 2001) ("[T]he filing of a notice of appeal does not divest the district court of jurisdiction to decide any of the postjudgment motions listed in Fed. R. App. P. 4(a)(4)(A), if timely filed.").  Moreover, the Second Circuit has recognized that even "after an appeal is taken," "the district court can entertain and *deny* [a] [R]ule 60(b) motion." *Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992).

---

[2] It bears noting that Williams was found guilty after trial on July 12, 2016 (*see* Doc. No. 178), was sentenced on November 10, 2016 (*see* Doc. No. 215), was released from prison on March 27, 2019 (*see* Doc. No. 284 at 5 n.4), and concluded his term of supervised release on June 24, 2022 (*see* Doc. No. 297 at 4).  The Second Circuit affirmed Williams's conviction and sentence in 2018, *see United States v. Williams*, 736 F. App'x 267, 270–73 (2d Cir. 2018), and denied his motion for a certificate of appealability and dismissed his appeal in 2022 after this Court denied his motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (*see* Dkt. No. 20-cv-1554, Doc. No. 38 (citing 28 U.S.C. § 2253(c))).  Throughout this time, Williams has also filed numerous (and repetitive) civil actions asserting claims "arising from his investigation, arrest, and criminal proceedings." *Williams, Scott & Assocs. LLC v. United States*, No. 20-cv-3101 (LLS), 2020 WL 3034825, at *4 & n.6 (S.D.N.Y. June 4, 2020) (collecting some such cases).  As a result, on July 30, 2020, Williams was barred from filing any new civil action in the Southern District of New York *in forma pauperis* without first obtaining leave to file from the Court.  *See Williams v. United States*, Dkt. No. 20-cv-3101 (LLS), Doc. No. 5 at 2 (S.D.N.Y. July 30, 2020).

In light of these principles, the Court denies Williams's Motion to Correct the August 8, 2024 order. To the extent that his motion is one for reconsideration, it is untimely under Local Civil Rule 6.3, which requires that such motions be filed within fourteen days of the order being challenged. Williams's motion, which was dated September 17, 2024 and docketed two days later, falls well past that filing deadline. *See, e.g.*, *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) ("[T]he untimeliness of a motion for reconsideration is reason enough to deny the motion."). And even if the Court were to construe his untimely motion as a new Rule 60(b) motion challenging the Court's denial of his prior Rule 60(b) motions, *see id.* at 397 n.2; *Eubanks v. United States*, No. 97-cv-3891 (PKL), 2008 WL 4539482, at *1 (S.D.N.Y. Oct. 8, 2008), Williams has not "demonstrate[d] [any] exceptional circumstances" to warrant that "extraordinary judicial relief," *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted).

The Court also denies Williams's Recusal Motion, filed concurrently with his Motion to Correct. Though styled as a motion for recusal, Williams by and large raises the same arguments made in his untimely and meritless Motion to Correct. (*Compare* Doc. No. 303 at 1–2, *with* Doc. No. 304 at 1–3.) Moreover, the grounds that Williams identifies as reasons for my recusal amount to little more than challenges to this Court's "judicial rulings," which "almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Finally, the Court denies for lack of jurisdiction Williams's substantive motions challenging the legality of his arrest, detention, and conviction in his underlying criminal case. *See Griggs*, 459 U.S. at 58. In these motions, Williams contests the validity of the search and arrest warrants in his criminal case (*see* Doc. No. 306 at 1–3; Doc. No. 307 at 1–3; Doc. No. 308 at 1–2); the validity and "jurisdiction" of the indictment, which charged him with only conspiracy to commit

3

wire fraud and not the substantive offense (Doc. No. 307 at 1–2); and the "frequent judge reassignments" in his case (*id.* at 2). But the August 8, 2024 order currently on appeal resolved Williams's prior motions raising substantially similar, if not identical, arguments. (*See* Doc. No. 302 at 2–3.) Williams is further advised that any additional motions relating to the "questions raised and decided in" that August 8, 2024 order will likewise be denied without prejudice for lack of jurisdiction until the Second Circuit resolves his pending appeal. *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989); *see, e.g.*, *Vanbrocklen v. U.S., Transp. Sec. Admin.*, No. 08-cv-312 (TJM), 2009 WL 1449042, at *1 (N.D.N.Y. May 21, 2009).

For the reasons set forth above, IT IS HEREBY ORDERED THAT Williams's September 17, 2024 Motion to Correct and Recusal Motion are DENIED. The remainder of Williams's pending motions are likewise DENIED. Because any appeal would "lack[] an arguable basis in law or fact," *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995), the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and Williams therefore may not proceed *in forma pauperis*, *see Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Order to Williams at his previously provided (and most recent) address, and to terminate the motions pending at Doc. Nos. 303, 304, 306, 307, 308, 310, 312, 313, 314, and 315 in Dkt. No. 14-cr-784 and Doc. Nos. 43, 44, and 46 in Dkt. No. 20-cv-1554.

SO ORDERED.

Dated:   January 21, 2025
         New York, New York

                                          _____
                                          RICHARD J. SULLIVAN
                                          UNITED STATES CIRCUIT JUDGE
                                          Sitting by Designation